THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>GONZALO VILLASENOR, *et al*.,<br><br>　　　　　　　Defendants. | CASE NO. CR20-0137-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Javier Carrillo's unopposed motion to continue trial (Dkt. No. 126) and Defendants Gonzalo Villasenor, Jocelyn Levya-Castellanos, and Bryan Pollestad and the Government's joint motion to continue trial (Dkt. Nos. 130, 132).[1] Defendants and the Government request that the Court schedule trial for July 13, 2021. (*See* Dkt. No. 132 at 1–2.)[2] The current trial date is November 9, 2020. (*See* Dkt. No. 71). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

This case is related to two others, *United States v. Rodriguez-Moreno*, CR20-0136-JCC, and *United States v. Lerma-Jaras*, CR20-0146-JCC, which collectively involve more than 20

---

[1] The remaining defendants did not join or oppose the motion. Even so, the findings in this order based on the complexity of the case and the impact of the COVID-19 pandemic apply equally to those defendants.

[2] Mr. Carrillo's motion does not request a specific date. (*See* Dkt. No. 126 at 2.)

defendants and, the Government alleges, multiple conspiracies to distribute controlled substances. (*See* Unopposed Motion to Continue Trial at 2, *United States v. Rodriguez-Moreno*, CR20-0136-JCC, Dkt. No. 107 (W.D. Wash. Oct. 16, 2020).) The Government's investigation involved hundreds of hours of surveillance, wiretaps of multiple cell phones, more than a dozen controlled buys, at least ten multi-kilo seizures of controlled substances, and searches of several vehicles, residences, and businesses. (*Id.*) The Government has already produced over 10,000 pages of discovery, much of which is in Spanish, which requires defense counsel to work with interpreters. (*Id.* at 3.) In addition, defense counsel's access to the Federal Detention Center to confer with their clients is limited. (*Id.*)

In addition, over the past seven months, the COVID-19 pandemic has significantly impacted the Court's operations. (*See* General Orders 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20 each of which the Court incorporates by reference.) Specifically, the pandemic has rendered the Court unable to obtain an adequate spectrum of jurors to represent a fair cross section of the community and public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. (*See generally id.*) These impacts are likely to be particularly acute in this case, which involves twelve defendants, all of whom will be represented by separate counsel, and many of whom will require interpreters at trial.

Having thoroughly considered the briefing and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The reasons for this finding are:

1. Because of the number of defendants involved, the Government's allegation of multiple conspiracies, and the volume of evidence, this case is so complex that it is unreasonable to expect adequate preparation for pretrial motions and trial within the current deadlines. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

2. The COVID-19 pandemic has rendered the Court unable to obtain an adequate

spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding on the current case schedule impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

3. Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Holding a trial in compliance with public health guidance presents unique difficulties in this case due to the number of defendants, attorneys, and interpreters that would need to be in the courtroom. Therefore, proceeding with the current trial date would likely be impossible. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court ORDERS:

1. The November 9, 2020 jury trial is CONTINUED until July 12, 2021.[3]
2. The pretrial motions deadlines are CONTINUED until May 24, 2021.
3. The period from the date of this order until July 12, 2021 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 30th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The parties requested a July 13, 20101 trial date, (*see* Dkt. No. 132 at 2), but the Court ordinarily begins trials on Mondays.

ORDER
CR20-0137-JCC
PAGE - 3