THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>GONZALO VILLASENOR, *et al.*,<br><br>                Defendants. | CASE NO. CR20-0137-JCC<br><br>ORDER |

      This matter comes before the Court on motions of Defendants Gonzalo Villasenor and Bryan M. Pollestad to continue trial (Dkt. Nos. 307, 323) and Defendant Jocelyn Leyva-Castellanos' response to Mr. Villasenor's motion (Dkt. No. 313).

      This is a 12-defendant drug trafficking prosecution. (*See, e.g.*, Dkt. No. 1.) Six defendants reached plea agreements, (Dkt. Nos. 183, 201, 252, 260, 267, 328) and charges against a seventh were dismissed, (Dkt. No. 147). Two more defendants are at large. (*See, e.g.*, Dkt. No. 322 (Mr. Campos-Pantoja failed to appear for a hearing).) Thus, Messrs. Villasenor and Pollestad, and Ms. Leyva-Castellanos are the only defendants currently awaiting trial.

      Mr. Villasenor seeks a continuance to September 2022, citing the need for his recently appointed counsel to review extensive discovery and prepare for trial in this multi-defendant case. (Dkt. No. 307 at 1–2.) Mr. Pollestad seeks the same continuance, citing similar reasons, as well as other cases pending against him in this Court and the conflicting trial schedule of his

counsel (Dkt. No. 323 at 2.) Ms. Leyva-Castellanos responded to Mr. Villasnor's motion asking that trial be set for February 2023, given the risk that her counsel—who is scheduled to be on parental leave from October 2022 to mid-January 2023—might go into labor during a September 2022 trial. (Dkt. No. 313 at 1.) Because certain defendants had requested conflicting trial dates, the Court directed all remaining defendants to confer and submit a joint statement as to their preferred date and whether any of them opposed the request. (Dkt. No. 314.) They did not do so, so the Court infers that neither Mr. Pollestad nor Mr. Villasenor affirmatively opposes a continuance to February 2023. The Government does not oppose. (Dkt. No. 307 at 2.)

Although the Speedy Trial Act does not expressly list scheduling conflicts of defense counsel as a basis for excluding time, *see generally* 18 U.S.C. § 3161(h), it does permit excluding time for a continuance to avoid unreasonably denying the defendant continuity of counsel, *id.* § 3161(e)(7)(B)(iv), and courts have recognized that continuances to accommodate childbirth and parental leave are excludable, *see United States v. Robey*, 831 F.3d 857, 863 (7th Cir. 2016) (district court did not abuse discretion in granting ends-of-justice continuance to Government where lead case agent was unavailable for trial due to childbirth); *United States v. Brooks*, 2021 WL 2413160, slip op. at 6 (N.D. Ill. 2021); *United States v. Jondle*, 2015 WL 10434884, slip op. at 2 (D. Mass. 2015).

Accordingly, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of the public and the remaining defendants in a speedy trial in accordance with § 3161(h)(7)(A). This finding is based on the following:

1. For the reasons described above, failure to grant a continuance would likely result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i);

2. The number of defendants, the volume and complexity of discovery make it unreasonable to expect adequate preparation for pretrial proceedings or trial under the current case deadlines. *Id.* (h)(7)(B)(ii); and

3. Failure to grant a continuance would unreasonably deny Ms. Leyva-Castellanos

continuity of counsel, and would deny all remaining defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *Id.* (h)(7)(B)(iv).

The Court further holds that the duration of this continuance should be excluded from the Speedy Trial calculations as to all remaining defendants because it is "a reasonable period of delay" under § 3161(h)(6).

Accordingly the Court ORDERS as follows:

1. The motions of Messrs. Villasenor and Pollestad (Dkt. Nos. 307, 323) for a continuance are GRANTED.

2. The June 20, 2022 jury trial is hereby CONTINUED to February 27, 2023.

3. The pretrial motions deadline is CONTINUED to January 23, 2023.

4. The period from the date of this order until February 27, 2023 is an excludable period under § 3161(h)(7)(A) and (h)(6).

DATED this 5th day of May 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE